IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STATE OF MISSISSIPPI EX REL.;
STEELY DANIELLE WHITAKER,
Individually and as Wrongful Death
Beneficiary of William Danny Whitaker,
Deceased; DANIEL RYAN BONDS,
Individually and as Wrongful Death
Beneficiary of William Danny Whitaker,
Deceased; and ESTATE OF WILLIAM
DANNY WHITAKER                                                                               PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 1:15-cv-00077-GHD-DAS

GEORGE CHARLES RINEHART,
Individually and in His Official Capacity;
ALCORN COUNTY; and RLI INSURANCE
COMPANY                                                                                      DEFENDANTS

MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT RLI INSURANCE COMPANY'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM OR, ALTERNATIVELY, TO STAY

Presently before the Court is a motion to dismiss for failure to state a claim or, alternatively, to stay [12] filed by Defendant RLI Insurance Company.[1] Plaintiffs State of Mississippi *ex rel.*, Steely Danielle Whitaker, Daniel Ryan Bonds, and the Estate of William Danny Whitaker have filed a joint response, and Defendant RLI Insurance Company has filed a reply. The matter is now ripe for review. Upon due consideration and for the reasons stated below, the Court finds that Defendant RLI Insurance Company's motion should be granted insofar as the request to stay the action against Defendant RLI Insurance Company until the issue

---

[1] Also pending in the case *sub judice* is a motion for judgment on the pleadings [21] filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure by Defendants George Charles Rinehart and Alcorn County, Mississippi. The Court will rule on that motion at a later date.

1

of liability is ascertained as to Defendant George Charles Rinehart, and denied in all other respects.

*A. Factual and Procedural Background*

On April 24, 2015, Plaintiffs State of Mississippi *ex rel.*, Steely Danielle Whitaker, Daniel Ryan Bonds, and the Estate of William Danny Whitaker (collectively, "Plaintiffs") initiated this suit against the following Defendants: former Alcorn County Sheriff George Charles Rinehart ("Rinehart"); Alcorn County, Mississippi ("Alcorn County"); and RLI Insurance Company ("RLI") (collectively, "Defendants"). In their complaint, Plaintiffs assert 42 U.S.C. § 1983 claims that Defendants "knowing[ly] or willful[ly] fail[ed], neglect[ed,] or refus[ed] to perform duties required by law" in violation of Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to substantive due process; Plaintiffs also assert a state-law wrongful death claim. Pls.' Compl. [1] at 1. Plaintiffs allege that this Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Plaintiffs allege in pertinent part that the Decedent William Danny Whitaker (the "Decedent") was a "poly-substance abuser who struggled with addiction his entire adult life," *id.* ¶ 14; was "[a]t all times relevant to this civil action, . . . under sentence for violent felonies: robbery, burglary, and aggravated assault," *id.* ¶ 16; and was "classified by the Mississippi Department of Corrections ('MDOC') as 'medium custody,' " *id.* ¶ 17. Plaintiffs further allege that the Decedent was a lifelong resident of Alcorn County, Mississippi, and personally knew Rinehart. *Id.* ¶ 14. Plaintiffs aver that Rinehart had knowledge of the Decedent's "criminal

history as well as his past and continuing struggles with poly-substance abuse and the interplay between [the Decedent's] criminal history and his poly-substance abuse." *Id.* ¶ 15.

With the alleged relationship between the Decedent and Rinehart as backdrop, Plaintiffs assert the following allegations. Plaintiffs maintain that Rinehart "caused to be filed and did file pro se a Petition for Writ of Habeas Corpus *Ad Testificandum* in the Circuit Court of Alcorn County in the case of *Mississippi v. William Danny Whitaker*, No. CR09-005." *Id.* ¶ 10. Plaintiffs aver that the purpose of the writ was for "[the Decedent] to aid in an investigation as a 'material witness,' " but that "no pending case existed in which [the Decedent's] testimony or deposition was necessary or required." *Id.* ¶¶ 12–13. Plaintiffs further aver that Alcorn County Circuit Court Judge James S. Pounds entered an Order/Writ for the Mississippi Department of Corrections ("MDOC") to produce the body of the Decedent to the Alcorn County Correctional Center and to ensure the Decedent remained in custody without any passes. *Id.* ¶¶ 18, 20. Plaintiffs next allege that "[i]n direct contravention of the Order, Mississippi law, MDOC regulations, and the Inmate Housing Agreement, [Rinehart] personally authorized a weekend pass for [the Decedent] to stay with his mother," during which visit [the Decedent] purchased narcotics in Alcorn County" and "[t]hat same day, while at his mother's home, . . . died of a mixed drug overdose (cocaine, methamphetamine)." *Id.* ¶¶ 23–25. Plaintiffs maintain that the death of the Decedent was wrongful and "was directly and proximately caused by his release on an inmate pass" issued by Rinehart, who was "act[ing] under color of state law" and was "a final policy making official with respect to law enforcement decisions within Alcorn County and the administration of the [Alcorn County Correctional Center]." *Id.* ¶¶ 26–28. Plaintiffs maintain that Rinehart "acted with deliberate indifference and reckless disregard to the Plaintiffs' federally protected rights and with gross negligence evidencing willful, wanton, or reckless disregard for

3

the Plaintiffs' rights under Mississippi law." *Id.* ¶ 30. Plaintiffs seek actual, compensatory, and punitive damages for Rinehart's alleged acts. Pertinent to the present motion, Plaintiffs allege that pursuant to Mississippi Code § 25-1-45, RLI is liable for Rinehart's alleged acts as the surety on Rinehart's public official bond as sheriff of Alcorn County. *Id.* ¶¶ 7, 43.

On August 21, 2015, Rinehart and Alcorn County jointly filed their answer and affirmative defenses [5]. On September 18, 2015, RLI filed the present motion to dismiss or, alternatively, to stay [12]; RLI maintains that Plaintiffs' complaint fails to state a claim against it or, alternatively, that the Court should dismiss RLI as a party without prejudice or stay the action as to RLI unless and until Rinehart is found liable in the action. Because the present motion concerns only the claim against RLI, the analysis herein is necessarily limited to that claim.

### B. Federal Rule of Civil Procedure 12(b)(6) Standard

" '[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.' " *Belanger v. Geico Gen. Ins. Co.*, 623 F. App'x 684, 686 (5th Cir. 2015) (per curiam) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation and internal quotation marks omitted)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).[2]

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*,

---

[2] The Court notes that although the parties attached documentation to their motion papers that if considered may have effectively converted the motion to dismiss into a motion for summary judgment, the Court did not consider such attached documentation in its determination. Therefore, the present motion was properly considered under the Rule 12(b)(6) standard.

4

781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). " '[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.' " *Jingping Xu v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 595 F. App'x 341, 343 (5th Cir. 2014) (per curiam) (quoting *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012)). " '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.' " *Rogers v. Raycom Media, Inc.*, No. 14-31074, 2016 WL 125321, at *1 (5th Cir. Jan. 11, 2016) (per curiam) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted)).

"Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### C. Analysis and Discussion

RLI argues in the present motion first that Plaintiffs' allegations against RLI must be dismissed for failure to state a claim, and second, that if the Court finds to the contrary, RLI should be dismissed as a party defendant, or that the action should be stayed, unless and until such time as Rinehart's liability is established. As is explained below, this Court finds that the proper course is to stay the action with respect to RLI until such time as the liability determination is made as to Rinehart.

RLI maintains concerning its first argument that "the Plaintiffs' suit against RLI, while mentioning RLI in its prayer for relief, states no actual cause of action against RLI." RLI's Mot. Dismiss [12] at 1. Plaintiffs argue in response that their allegations belie this argument and that Mississippi Code § 25-1-45 "not only authorizes, but requires a plaintiff seeking redress for a bonded public official's dereliction of duty or violation of official obligations to initiate an action directly against the surety bond." Pls.' Mem. Br. Supp. Resp. Opp'n to RLI's Mot. Dismiss [17] at 6. Plaintiffs further contend that Rinehart's alleged issuance of an illegal weekend pass to the Decedent constituted knowing failure of Rinehart's duty under the law and that his "violation of official duties and obligations makes [RLI] directly liable on its bond . . . ." *Id.*

The Court finds as follows. Plaintiffs seek damages against Defendants for the alleged wrongful death of the Decedent "[d]ue to [Rinehart's] knowing and willful neglect to perform a duty required of him by law and based on the violation of his official duties." Pls.' Compl. [1] ¶¶ 7, 42–43. Plaintiffs allege that Rinehart, in his individual and official capacities, "is a county officer who has executed bond for the faithful performance of his duty." *Id.* ¶ 41. Plaintiffs further allege that they seek damages against "RLI, on [Rinehart's] public official bond for the damages sustained by the Plaintiffs due to the death of [the Decedent]." *Id.* ¶ 43. Plaintiffs' complaint expressly mentions RLI in the allegations of a claim for civil liability for failure to perform duty pursuant to Mississippi Code § 25-1-45, which allows interested persons to file suit against a bond company where it can be shown that a bonded public official "knowingly or wil[l]fully fail[ed], neglect[ed], or refuse[d] to perform any duty required of him by law or . . . violate[d] his official obligations in any respect . . . ." Miss. Code Ann. § 25-1-45; *see Channell*

*v. Eichelberger*, No. 1:06CV197-SA,[3] 2008 WL 4683419, at *2 (N.D. Miss. Oct. 22, 2008). Based on all of the foregoing, the Court finds that Plaintiffs' complaint asserts a claim for relief against RLI.

RLI maintains concerning its second argument that even if Plaintiffs have stated a claim for relief against RLI, "under established common law and Mississippi law, the Plaintiffs' suit against RLI is premature since RLI cannot be liable unless and until [Rinehart] is found liable." RLI's Mot. Dismiss [12] at 1. However, RLI cites no authority directly on point. RLI further maintains that this Court should dismiss RLI as a party defendant until any such liability is established, because "[d]ismissal, while not only proper under Mississippi law, [also] reduces the risk of the inequitable outcome that [Rinehart] is found not liable, but required to reimburse RLI for unnecessary attorneys' fees and costs incurred by RLI unnecessarily defending this matter." *Id.* at 2. Alternatively, RLI maintains that the action should be stayed as to RLI and it not be required to file responsive pleadings until Rinehart's liability is established and the stay lifted; RLI further requests that all defenses be hereby reserved.

The Court finds as follows. The bond on which suit was brought in this case is required by Mississippi Code § 19-25-1, which states that before a county sheriff enters upon the duties of his office, "he shall take the oath prescribed by the Constitution, and give bond as prescribed by Section 19-25-5." Mississippi Code § 25-1-15 provides the required conditions of the public official bond, specifically that "if [the public official] shall faithfully perform all the duties of said office during his continuance therein, then the above obligation to be void." The bond issued by RLI to Rinehart is conditioned as follows: "[I]f [Rinehart] shall faithfully perform the

---

[3] The Court notes that at this time the Westlaw opinion includes an incorrect case number of 2:06CV197-SA. The correct case number is 1:06CV197-SA.

7

duties of his said office, then this obligation shall be void and of no effect." As stated above, Mississippi Code § 25-1-45 allows interested persons to file suit against a bond company where it can be shown that a bonded public official "knowingly or wil[l]fully fail[ed], neglect[ed], or refuse[d] to perform any duty required of him by law or . . . violate[d] his official obligations in any respect . . . ." *See* Miss. Code Ann. § 25-1-45. The clear language of the statute contemplates suits attempting to place liability on the surety for wrongdoing on the part of a sheriff while executing his duties; in the opinion of this Court, the case *sub judice* sets forth sufficient allegations to establish such wrongdoing.

Of course, as RLI recognizes, RLI cannot be held liable as the surety on Rinehart's public official bond unless and until Rinehart is held to be liable in the action. However, this fact alone does not persuade the Court that dismissal of RLI is proper at this stage of the litigation. Only if it appeared to a legal certainty that Plaintiffs would not be entitled to recover under any set of facts which could be proved in support of their claim could this Court find that the complaint failed to state a claim against RLI upon which relief could be granted. *See Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 270 (5th Cir. 1979). Because it is undisputed that the bond at issue was issued to cover wrongdoing on the part of Rinehart as sheriff of Alcorn County, the Court finds that the bond pertains to the alleged acts on the part of Rinehart. Therefore, Plaintiffs' complaint states a cognizable claim against RLI as surety on Rinehart's bond. *See, e.g., Jackson v. Hollowell*, 685 F.2d 961, 962 (5th Cir. 1982).

With respect to RLI's argument that it should be dismissed due to the fact that "Rinehart will be prejudiced by the risk that he is found not liable, but required to reimburse RLI for unnecessary attorneys' fees and costs incurred in RLI defending this matter," this Court notes that any right to indemnification is not automatic. In *Jackson v. Hollowell*, the Fifth Circuit

referred to the "well-established doctrine [in Mississippi law] that a surety is entitled to reimbursement for <u>reasonable and necessary expenses</u> incurred by the surety in good faith in defending itself against a suit on a bond," emphasizing that "a surety is entitled to be reimbursed only for necessary expenses." *Id.* at 965 (citing *Nat'l Sur. Corp. v. Vandevender*, 108 So. 2d 860, 862 (Miss. 1959) (emphasis added)). If such an issue later arose in the case *sub judice*, this Court would look to the facts of the case and consider that any "right to indemnification depends on whether it was reasonably necessary for the suret[y] to incur legal costs, on whether the costs incurred were reasonable in amount, and on whether the suret[y] acted in good faith toward the bond principal[]," here, Rinehart. *See id.* at 962.

Turning now to RLI's remaining argument that the Court should stay the action as to RLI until liability is determined, the Court finds that a stay is proper. Unless and until an adjudication of liability is entered on the part of Rinehart, Plaintiffs cannot show that Rinehart breached his duty of faithful performance and possibly collect on the bond. Furthermore, in this Court's opinion, to go to trial on liability with full disclosure to the jury that there is a bonding company with possible liability could potentially prejudice Defendants. Rule 411 of the Federal Rules of Evidence prohibits admission of evidence regarding liability insurance "to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411.

Based on all of the foregoing, accepting the allegations of Plaintiffs' complaint as true, the claim against RLI for liability on the part of Rinehart while sheriff of Alcorn County under the public official bond is cognizable; however, due to the circumstances present in this case, a stay of the action is proper as to RLI until such time as the liability determination is made.

*D. Conclusion*

In sum, Defendant RLI Insurance Company's motion to dismiss or, alternatively, to stay [12] is GRANTED insofar as the request to stay the action, and is DENIED in all other respects. This action is hereby STAYED as to Defendant RLI Insurance Company until such time as liability is determined as to Defendant George Charles Rinehart. Defendant RLI Insurance Company remains potentially liable as the surety on the public official bond. *See Henley v. Edlemon*, 297 F.3d 427, 430 (5th Cir. 2002).

An order in accordance with this opinion shall issue this day.

THIS, the 23 day of February, 2016.

                                                                                    /s/ Glen H. Davidson
                                                                                    SENIOR U.S. DISTRICT JUDGE